**In re Geri Lynn SIMONEK, Relator.**

No. 10–99–224–CV.

Court of Appeals of Texas,
Waco.

Oct. 22, 1999.

Timothy Ann Sloan, Bay City, for Relator.

Mary Peter Cudd, Bay City, Attorney ad litem.

Gregory B. Johnson, Malone & Johnson, Waco, Jill S. Cornelius, County Atty., Bay City, for Real Parties in Interest.

Joe N. Johnson, Waco, for Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

Geri Lynn Simonek, mother of T.C. and the Relator in this action, filed a Petition for Writ of Mandamus to compel the transfer of a suit affecting the parent-child relationship (SAPCR) from McLennan County to Matagorda County. Respondent is the Judge of the 170th District Court of McLennan County.

James David Cooper, T.C.'s father, and the Texas Department of Protective and Regulatory Services (DPRS), which has temporary conservatorship of the child, filed responses. Simonek and DPRS argue that the entire case should be transferred without delay. Cooper argues that the cause should not be transferred because: 1) Simonek's motion to transfer was not timely filed; and 2) transfer of a civil commitment order is not mandatory as it does not affect the SAPCR.

## FACTS

In August of 1994, suit was instituted in the 170th District Court to establish that Cooper is T.C.'s father. After determining that he is, the court named Simonek as managing conservator and approved an agreed-to schedule for visitation and child support payments. The record reveals that Simonek moved once in 1996. It is unclear whether this move was within the county or to another county. In 1997, Simonek moved to Falls County. A motion to transfer the SAPCR to Falls County was filed in early 1998, but was not acted upon. Simonek moved again in 1998 to Matagorda County. She has moved at least once within that county.

In October of 1998, Cooper filed a motion to enforce his visitation rights. A hearing was held in November, and the court found Simonek guilty of 19 counts of contempt. Commitment was suspended, provided that Simonek observe certain conditions. Primarily, Simonek was ordered to allow Cooper all of his scheduled visits with T.C. and to have possession of T.C. over the Thanksgiving holidays of 1998. She was also ordered to pay Cooper a specified amount for attorney's fees and costs.

On April 22, 1999, Cooper filed a motion to revoke the order suspending commitment, alleging that Simonek interfered with his visitation rights and did not pay the attorney's fees and costs which she was directed to pay in the suspension order. A hearing was set for April 29, but Simonek did not appear. Approximately three days later, Cooper received partial payment of the fees that Simonek was supposed to pay.

On June 18, Simonek refused to allow Cooper's Father's Day visitation. Thus, on June 21, 1999, Cooper filed an amended motion to revoke the suspension of commitment. On June 22, Simonek applied for a protective order in Matagorda Coun-

ty in which she alleged that Cooper sexually abused T.C. She was granted a temporary *ex-parte* protective order prohibiting Cooper from, among other things, removing T.C. from the jurisdiction of the court in Matagorda County. Cooper was served with the protective order the same day. On June 23 she also filed in the 170th District Court: 1) an answer; 2) a motion for continuance; 3) a motion to modify the SAPCR or, in the alternative, to terminate Cooper's parental rights; and 4) a motion to transfer the SAPCR from McLennan County to Matagorda County.

Simonek did not appear at the scheduled hearing in McLennan County on June 24 on the motion to revoke the suspension of commitment, so it was reset once again.

Cooper presented the court with a Petition for Writ of Habeas Corpus on June 24, 1999, alleging T.C. was being illegally restrained by Simonek. Respondent issued the writ and commanded Simonek to produce T.C. for a hearing on July 2. On July 2, Respondent denied a plea in abatement filed by Simonek in response to the habeas corpus petition. Respondent also granted the writ of habeas corpus, withdrew the prior abeyance of the contempt finding, and ordered Simonek confined for six months. Commencement of the jail term was delayed pending the outcome of a proceeding filed by DPRS in Matagorda County in which DPRS asked for the emergency appointment of DPRS as T.C.'s temporary managing conservator. The court in Matagorda County granted the emergency relief requested and appointed DPRS as sole temporary conservator. On July 15, the trial court in Matagorda County again appointed DPRS as temporary managing conservator and appointed Simonek and Cooper as temporary possessory conservators. Both Simonek and Cooper were granted supervised visits with T.C.

Because Simonek complained that she did not know about the hearing on July 2, Respondent again reset the hearing for July 30. It was again reset for August 12.

Simonek filed this petition for writ of mandamus on August 6.

The parties do not dispute that the 170th District Court of McLennan County is the court with continuing, exclusive jurisdiction. In her motion to transfer, Simonek stated that T.C. had resided in Matagorda County since June 28, 1998, and that venue was proper in that county. Cooper filed no controverting affidavit.

## STANDARD

Simonek requests that we order Respondent to transfer the entire SAPCR to Matagorda County. Cooper insists that mandamus is not proper in this context.

 Mandamus relief is available when, under the circumstances of the case, the facts and law permit the trial court to make but one decision, which the court has refused to do, and for which there is no remedy by appeal. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The transfer of a SAPCR to a county where the child has lived for six months or more is mandatory under section 155.201. TEX. FAM.CODE ANN. § 155.201(b) (Vernon 1996). If the court of continuing jurisdiction refuses to adhere to this mandate, remedy by direct appeal is inadequate to protect the rights of both parents and children. *Proffer*, 734 S.W.2d at 673.

The Texas Supreme Court has observed,

Parents and children who have a right under the mandatory venue provision to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues.

*Id.* We will follow that mandate.

## MANDATORY TRANSFER

Under the Texas Family Code, transfers from a court of continuing, exclusive juris-

diction can be mandatory or discretionary. A transfer becomes mandatory:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court *shall transfer* the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM.CODE ANN. § 155.201(b). Cooper does not contest that T.C. has resided in Matagorda County for six months or longer.

The Family Code also provides:

> A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court.

*Id.* § 155.204(a) (Vernon 1996). Because Simonek filed a motion to modify the SAPCR on June 23 along with her motion to transfer, she should be classified under the rules as a "petitioner" or "movant" and her motion to transfer is timely.

■ A motion by a petitioner or movant is timely "if it is made at the time the initial pleadings are filed." *Id.* The term "initial pleadings" refers to the first pleadings filed by that petitioner. *Bollard v. Berchelmann*, 921 S.W.2d 861, 866 (Tex. App.—San Antonio 1996, orig. proceeding). Cooper admits that Simonek filed a motion to modify at the same time she filed the motion to transfer. The record reflects no other pleading filed by Simonek after the expiration of the six month time period or before the filing of her motion to transfer. The motion to modify is, therefore, Simonek's initial pleading. She is the petition-

er, and the motion to transfer is timely because it was made at the time the motion to modify was filed. *Id.* at 866 (where biological mother who joined parents' counter petition and filed a motion to transfer was considered a petitioner and the motion for transfer was timely); *Walker v. Miller*, 729 S.W.2d 120, 123 (Tex. App.—Dallas 1987, orig. proceeding) (where grandparents who filed a petition for intervention and motion to transfer were considered petitioners and their motion to transfer was timely).

■ Since Simonek's motion to transfer was timely, it was incumbent upon Cooper to file a controverting affidavit denying that the grounds for transfer existed if the allegations supporting transfer were not true. The Family Code specifically provides, "a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist." TEX. FAM.CODE ANN. § 155.204(b) (Vernon 1996). Cooper did not file a controverting affidavit. Thus, the SAPCR should have been promptly transferred without a hearing to the proper court in Matagorda County. *Id.* § 155.204(a).

## REVOCATION MOTION

Cooper alleges that a revocation motion, by its nature, suggests that a court has found evidence of wrong-doing. He argues that, because the McLennan County court placed Simonek on probation, the judge who set the terms and conditions of that probation is "uniquely qualified to determine if those standards have been met." Nevertheless, the Family Code provides that a court of continuing jurisdiction must transfer the "proceeding" to the county where the child has resided for at least six months. *Id.* § 155.201(b). The court must do this "promptly" if no controverting affidavit is filed within 20 days after a motion to transfer is filed. *Id.* § 155.204(b). During the pending transfer, the transferring court retains jurisdiction to render only temporary orders. *Id.*

§ 155.005(a) (Vernon 1996). No other authority is expressly granted by the Code.[1]

We believe that a court which has adjudged a party in contempt should be allowed to assess the punishment for that contempt. We urge the legislature to consider allowing a court with continuing, exclusive jurisdiction to retain jurisdiction over the contempt proceedings where the court has already determined that its orders have been violated.

The record shows that Simonek has routinely denied Cooper his right to visitation. She has moved on at least three occasions, once the day before Cooper was to pick up T.C. for summer visitation. She did not notify Cooper that she was moving and did not notify him of her new address.

Simonek has avoided a hearing on the motion for revocation of the suspension of commitment for five months. The record shows that the Respondent intends to transfer this case in its entirety after the contempt hearing is completed. Although the court in Matagorda County can act on the motion, it does not have the insight on this issue that the Respondent has. Because this issue of the punishment for an already-determined contempt can no longer be said to be a suit that affects the parent-child relationship, but rather relates only to Simonek's continuing violations of court orders and disregard for the

judicial system, we believe that a proceeding in this status should be excluded from the mandatory transfer requirements of the Family Code.[2] We should not be required to hold that the Respondent has abused his discretion.

## CONCLUSION

Because Simonek filed a timely motion to transfer the SAPCR, alleging her child had lived in Matagorda County for six months or longer and Cooper did not controvert that statement, the transfer to Matagorda County was mandatory. We conditionally grant Simonek's petition for writ of mandamus. A writ will issue only in the event the Respondent fails to transfer the proceedings in accordance with this opinion.

GRAY, J., concurs.

GRAY, Justice, concurring.

The judgment of the Court is correct, results from the proper analysis of the statute and I concur in it. The purpose of this concurring opinion is to express my concerns about comments made in addition to the legal analysis and judgment.

The proper role of the judiciary does not include becoming an advocate to urge the legislature to make changes in the laws of

---

1. Section 155.206 describes the effect of a transfer to another county.

 (a) A court to which a transfer is made becomes the court of continuing, exclusive jurisdiction and *all proceedings in the suit are continued as if it were brought there originally.*

 (b) A judgment or order transferred has the *same effect and shall be enforced* as if originally rendered in the transferee court.

 (c) The transferee court *shall enforce* a judgment or order of the transferring court by contempt or by any other means by which the transferring court could have enforced its judgment or order. *The transferee court shall have the power to punish disobedience of the transferring court's order, whether occurring before or after the transfer, by contempt.*

 (d) After the transfer, the transferring court does not retain jurisdiction of the child who

is the subject of the suit, nor does it have jurisdiction to enforce its order for a violation occurring before or after the transfer of jurisdiction.

 TEX. FAM.CODE ANN. § 155.206 (Vernon 1996) (emphasis added). For application, see *Wilemon v. Wilemon*, 930 S.W.2d 290, 292–93 (Tex.App.—Waco 1996, no pet.) (citation issued by transferring court prior to transfer was validly carried over to the transferee court, and transferee court was not required to issue new citation).

2. This could be accomplished in one of two ways. Either allow the court to delay transfer until the contempt proceeding is resolved or sever the contempt order and retain jurisdiction of it while transferring the suit affecting the parent/child relationship.

this state. Support of specific legislation is a right to be exercised by the parties and other members of our society. Though we may ask the high court in our branch of government to clarify an issue resulting from confusion in prior precedent, we should not inject this forum into the legislative process. The judiciary is not established, staffed, or organized in a manner conducive to discussing the issues and the analysis necessary for effective legislative debate. It is our province to interpret, rather than write, the law.

This case presents a good example. This is an original proceeding. There are still many issues that have not been determined by the trial court. We have no authority to find facts. We should not comment on the events which have not been determined by a fact finder vested with the authority to determine such facts, especially when those comments may impact the trial court's determination of pending matters. Such judicial restraint is important, because, from my examination of the record in this case, I do not find that it supports the facts or abuse of the system suggested by the majority. Any discussion or analysis other than determining the proper application of the statute to the record before us should be left to the legislature.