### In Re Aryn MIDDLEBROOK.

#### No. 10–99–320–CV.

Court of Appeals of Texas, Waco.

Nov. 17, 1999.

Veronica Ann Deaver, McKinney, Atty., for Relator.

James Dean Hurst, Huntsville, Atty., for Real Party in Interest.

Sam B. Bournias, Fairfield, for Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Amber Rosenbaum, maternal grandmother of R.M. and the real party in interest in this cause, filed a suit affecting the parent-child relationship (SAPCR) in District Court in Leon County in June of 1999 in an attempt to gain managing conservatorship of R.M. On June 22, the court issued a temporary restraining order and set a hearing on temporary orders. On July 16, Aryn Middlebrook, R.M.'s mother and the Relator in this cause, filed for divorce in Dallas County. A motion to transfer the SAPCR was filed in Leon County on the same day.

On August 11, Relator filed a petition for writ of habeas corpus in Leon County alleging that R.M. was being illegally restrained by Rosenbaum. A hearing was held on August 20, and the court entered temporary orders, signed on September 17, providing Relator with visitation rights through September 6. The Court also orally ordered that the case be transferred to Dallas County.[1] The child was not surrendered to Rosenbaum on September 6, but nearly six weeks later.

Rosenbaum filed a motion to enforce the court's temporary orders asserting that Relator failed to surrender the child as ordered and failed to pay child support as ordered. Rosenbaum maintains that a hearing on this motion should be held before the cause is transferred to Dallas County.

Middlebrook petitioned this court for a writ of mandamus to force Respondent, the trial judge, to transfer the SAPCR to Dallas County. Rosenbaum concedes that mandatory transfer "should take place under § 103.002 of the Texas Family Code," but suggests that such transfer can wait "until such time as the Motion for Enforcement can be heard in the 278th Judicial District Court of Leon County, Texas." *See* TEX. FAM.CODE ANN. § 103.002(b) (Vernon 1996) ("On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, a

---

1. This oral order is confirmed by an entry on the docket sheet, but no written order was signed.

court in which a suit is pending shall transfer the proceedings to the court where the dissolution of the marriage is pending.").

The question of mandatory transfer of a SAPCR has recently been addressed by this court in two cases. *In re Geri Lynn Simonek*, 3 S.W.3d 285 (Tex.App.—Waco 1999, orig. proceeding); *In re Maria Sanchez*, 1 S.W.3d 912 (Tex.App.—Waco 1999, orig. proceeding).

In *Simonek*, we held that it was incumbent upon the real party in interest to file a controverting affidavit denying that grounds for transfer existed in the face of a timely motion to transfer. *Simonek*, 3 S.W.3d at 288; TEX. FAM.CODE ANN. § 155.204(b) (Vernon 1996). Because the Respondent in *Simonek* did not file a controverting affidavit, we held that the SAPCR should have been promptly transferred without a hearing. *Id.* Likewise, in *Sanchez*, a timely-filed motion to transfer alleged proper bases for transfer and was not controverted. We held that the transfer was mandatory. *Sanchez*, 1 S.W.3d at 915.

The same is true in the present case. Middlebrook filed a timely motion to transfer which is uncontroverted.[2] The Respondent had no discretion but to transfer the SAPCR in its entirety to Dallas County. TEX. FAM.CODE ANN. § 103.002(b).

We conditionally grant Middlebrook's petition for writ of mandamus. A writ will issue only in the event the Respondent fails to transfer the proceedings in accordance with this opinion.

---

2. The procedures in Chapter 155 apply to this motion to transfer. TEX. FAM.CODE ANN. § 103.002(c) (Vernon 1996).