Opinion issued April 7, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01129-CV




IN RE D’ANN LESLI WHEELER, Relator





Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

          Relator, D’Ann Lesli Wheeler, has filed a petition for writ of mandamus
complaining about the trial court’s


 order denying her motion to transfer venue. We
conditionally grant the petition for writ of mandamus.
Background
          In 1997, the trial court entered a final decree of divorce between relator and the
real party in interest, John Ingraham Wheeler III. Pursuant to the decree, relator and
the real party in interest became the joint managing conservators of their two
children, L.E.W. and L.L.W. The decree also gave relator the exclusive right to
determine the residence of the children, but restricted relator’s choice to either Brazos
or Harris County. 
          On March 25, 2004, the real party in interest filed a petition to modify matters
affecting the parent-child relationship. Relator filed a general denial and also filed
a counter-petition to modify matters affecting the parent-child relationship, asking the
trial court to remove the domicile restriction. Attached to her motion to modify was
a motion to transfer venue, which requested that venue be transferred from Harris
County to Brazos County because L.L.W. lives in Brazos County. 
          On October 27, 2004, the trial court held a hearing on the motion to transfer
venue. The court held that it had continuing jurisdiction over the case and that relator
had previously ratified the court’s jurisdiction. The trial court denied the motion to
transfer venue as to both children.
          Here, relator seeks relief only in regard to L.L.W. Pursuant to section 155.201
of the Texas Family Code, relator argues that the trial court had a mandatory duty to
transfer venue to Brazos County because L.L.W. has lived in Brazos County for the
past seven years. See Tex. Fam. Code Ann. § 155.201 (Vernon 2002). On
November 12, 2004, we stayed all proceedings in the trial court, pending our review
of this original proceeding.
Analysis
          Transferring a case to a county where the child has resided for more than six
months is a mandatory ministerial duty under section 155.201 of the Texas Family
Code. Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987); Bollard v. Berchelmann,
921 S.W.2d 861, 863 (Tex. App.—San Antonio 1996, no writ); see Tex. Fam. Code
Ann. § 155.201. An order transferring or refusing to transfer the proceeding is not
subject to interlocutory appeal. Tex. Fam. Code Ann. § 155.204(e) (Vernon 2002). 
Therefore, mandamus is available to compel mandatory transfer in a suit affecting the
parent-child relationship. Proffer, 734 S.W.2d at 672–73; In re Sanchez, 1 S.W.3d
912, 914 (Tex. App.—Waco 1999, orig. proceeding).
          When a court renders a final divorce decree, it acquires continuing, exclusive
jurisdiction over the matters in the decree affecting a child of the marriage. Tex. 
Fam. Code Ann. § 155.001(a) (Vernon 2002); In re G.R.M., 45 S.W.3d 764, 766
(Tex. App.—Fort Worth 2001, orig. proceeding). The court retains continuing,
exclusive jurisdiction over the child unless jurisdiction has been transferred under
sections 155.201 to 155.207 of the Texas Family Code or an emergency exists. See
Tex. Fam. Code Ann. §§ 155.001(c), 155.002, 155.201-.207 (Vernon 2002); In re
G.R.M., 45 S.W.3d at 766–67. Section 155.201 provides in pertinent part:
(b) If a suit to modify or a motion to enforce an order is filed in
the court having continuing, exclusive jurisdiction of a suit, on
the timely motion of a party the court shall transfer the proceeding
to another county in this state if the child has resided in the other
county for six months or longer.

Tex. Fam. Code Ann. § 155.201(b). 
          No one disputes that the trial court has continuing, exclusive jurisdiction over
the case. The parties primarily dispute whether the trial court was required to transfer
venue to Brazos County, where one child has been living for the past seven years,
while another child has been living in Harris County for the past eight months. 
          In In re T.J.L., the Fourteenth Court of Appeals had an opportunity to address
the same issue with which we are now presented. 97 S.W.3d 257 (Tex.
App.—Houston [14th Dist.] 2002, orig. proceeding). The court of appeals noted,
“The statute is not as clear as it could be on whether transfer as to one child is
required when not all children of a marriage live in the county to which transfer is
sought.” Id. at 264. The court of appeals concluded, after construing the purpose of
the statute, that the Legislature intended for the trial court to determine continuing,
exclusive jurisdiction on a child-by-child basis. Id. It reached this conclusion
because the statute consistently refers to jurisdiction over the “child,” in the singular. 
Id. 
          The court of appeals also recognized that “the Legislature wanted matters
affecting the parent-child relationship to be heard in the county where the child
resides.” Id. (citing Cassidy v. Fuller, 568 S.W.2d 845, 847 (Tex. 1978) (“[V]enue
provision was enacted for the reason that current circumstances affecting the child
may usually be best shown in the county where the child resides.”)). In addition,
another section in the statute recognizes that the trial court can transfer venue for
some, but not all, children to another court. See Tex. Fam. Code Ann. § 155.207(b)
(Vernon 2002) (“If the transferring court retains jurisdiction of another child who
was the subject of the suit, the clerk shall send a copy of the complete files to the
court to which the transfer is made and shall keep the original files.”). 
          Thus, the court of appeals concluded, “[W]e construe the statute as requiring
a court to transfer the proceedings affecting a child to the county where the child
resides, even if it retains jurisdiction over another child of the marriage who does not
live in the transferee county.” In re T.J.L., 97 S.W.3d at 264. The Waco Court of
Appeals has held similarly. See Koether v. Morgan, 787 S.W.2d 582, 585 (Tex.
App.—Waco 1990, orig. proceeding) (“The statute does not require that all the
children who have been subject to a court of continuing, exclusive jurisdiction in a
particular case must live in the county to which a transfer is being sought.”). 
          The real party in interest cites In re T.J.L., but does not distinguish its holding. 
After reviewing the statute, we agree with the Fourteenth Court of Appeals and
conclude that a trial court has no discretion but to transfer venue as to one child if the
child has been living in another county for at least six months prior to the proceedings
and a controverting affidavit has not been filed in regard to that child. 
          Here, on June 8, 2004, relator filed a motion to transfer venue to Brazos County
as to both of her children, even though L.E.W. had started to live with her father on
February 1, 2004. Relator alleged that both children had been living with her since
September 15, 1997. The real party in interest filed an answer and a controverting
affidavit, but contested only the current residence of L.E.W. There was no
disagreement regarding the residence of L.L.W.
          Because the real party in interest filed no controverting affidavit regarding the
residence of L.L.W., the trial court had a ministerial duty to sever and to transfer all
proceedings pertaining to L.L.W. to Brazos County. See T.J.L., 97 S.W.3d at 265. 
Thus, the trial court’s denial of relator’s motion to transfer venue was an abuse of
discretion.



          The real party in interest also argues that the trial court could deny relator’s
motion to transfer venue because it was untimely. The trial court stated, “the Motion
to Transfer is not timely and we are going to go forward.” 
          Section 155.201 provides that, “if a suit to modify or a motion to enforce an
order is filed in the court having continuing, exclusive jurisdiction of a suit, on the
timely motion of a party the court shall transfer the proceedings to another
county . . . .” Tex. Fam. Code Ann. § 155.201. Section 155.204 provides, “Except
as provided by Section 262.203, a motion to transfer by a petitioner or movant is
timely if it is made at the time the initial pleadings are filed.” Tex. Fam. Code Ann.
§ 155.204 (Vernon 2002). Here, relator filed her motion to transfer venue
contemporaneously with her counter-petition to modify matters affecting the parent-child relationship. By filing a motion to modify, relator is classified as a petitioner. 
See In re Simonek, 3 S.W.3d 285, 288 (Tex. App.—Waco 1999, orig. proceeding). 
Thus, relator’s motion to transfer venue was timely filed if it was made at the time
that her initial pleadings in her suit to modify were filed. Id.; Tex. Fam. Code Ann.
§ 155.204. Initial pleadings refers to the first pleadings filed by that petitioner. In
re Simonek, 3 S.W.3d at 288. Here, relator’s first pleadings in regard to modifying
the parent-child relationship were her motion to modify and her motion to transfer
venue. Because she filed her motion to transfer venue at the time that she filed her
initial pleadings, relator’s motion to transfer venue was timely. 
          The real party in interest also argues that relator is not entitled to mandamus
relief because the record does not contain a signed order from the trial court. We
disagree. If a court’s order is adequately reflected in the reporter’s record, a formal
written order is not essential to obtaining mandamus relief. In re Vernor, 94 S.W.3d
201, 206 n.8 (Tex. App.—Austin 2002, orig. proceeding); see also Tex. R. App. P.
52.3(j)(1)(A). Because the record affirmatively reflects that the trial court denied the
motion to transfer as to both children, a formal written order is not necessary.
Conclusion
          We conditionally grant the petition for writ of mandamus. The writ will issue
only if the trial court does not sever and transfer all proceedings pertaining to L.L.W.
to Brazos County.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.