Opinion issued April 26, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00013-CV






IN RE RONNIE D. WILSON, Relator






Original Proceeding on Petition for Writ of Mandamus 






MEMORANDUM OPINION

 By petition for writ of mandamus, the relator, Ronnie D. Wilson, challenges the
trial court's December 12, 2006 order denying her motion to transfer venue. (1) 

 We conditionally grant the petition for writ of mandamus.

Background

 Ronnie D. Wilson ("Ronnie") and Bradley John Wilson ("Bradley") were
married and had two children. In March or April 2005, Ronnie and Bradley
separated, and Ronnie and the children moved to Jim Wells County, Texas. Ronnie
and Bradley subsequently filed for divorce in Harris County, Texas. Under the
court's temporary orders, Ronnie was permitted to maintain the residence of the
children in Jim Wells County until the court entered a final decree of divorce. 

 On August 21, 2006, the court entered the final decree of divorce, which
contained a residency restriction for the couple's children. Pursuant to the decree,
Ronnie was required to designate the primary residence of the children within Harris
County, Texas or a contiguous county by November 1, 2006. The Final Divorce
Decree was signed by Ronnie under the words, "Approved and Consented to as to
Form and Substance."

 Just over one month later, on September 29, 2006, Ronnie filed a petition to
modify the parent-child relationship, alleging that she and the children had lived in
Jim Wells County for over six months and seeking the right to establish their
residence within Jim Wells and contiguous counties. That same day, Ronnie also
filed a motion to transfer venue of this matter to Jim Wells County. 

 Eleven days later, Ronnie contacted Bradley and asked him for permission to 
bring the children to reside in Montgomery County (2) on November 3, 2006 instead of
November 1, 2006 as expressly ordered by the court. Bradley consented to the request
and wrote a letter to Ronnie stating, "Ronnie, As we discussed on the phone, I give
you my permission to keep [A.E.W.] and [A.L.W.] in Alice through November 3rd,
2006 so that [A.E.W.] may complete the 6-week period of the school year. 
Thereafter, you have my permission to home school [A.E.W.] and [A.L.W.] in
Montgomery, Texas through the end of the Fall semester of 2006." On November 3,
2006, Ronnie and the children moved to Montgomery County.

 The court subsequently held an evidentiary hearing on Ronnie's motion to
transfer venue. At the conclusion of this hearing, the court stated, "The Court having
heard evidence and argument of counsel finds that this Court, on August the 5th,
2006, (3) signed an order establishing the children's residence to be Harris and
contiguous counties and that Ronnie return to Harris County no later than November
the 1st of 2006. The Court is--from evidence she did not return until November the
3rd in violation of the Court's order, the court is denying the transfer of jurisdiction." 
Ronnie filed this petition for writ of mandamus. 

Standard of Review Mandamus relief is available only to correct a "clear abuse of discretion" when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law.'" Id. (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding)). Mandamus will issue when there is a legal duty to perform
a nondiscretionary act, a demand for performance, and a refusal. O'Connor v. First
Court of Appeals, 837 S.W.2d 94, 96 (Tex. 1992) (orig. proceeding). 

Mandatory Venue

 The Family Code mandates that venue shall be transferred under the following
circumstances:

 If a suit to modify or a motion to enforce an order is filed in the court
having continuing, exclusive jurisdiction of a suit, on the timely motion
of a party the court shall, within the time required by Section 155.204,
transfer the proceeding to another county in this state if the child has
resided in the other county for six months or longer.


Tex. Fam. Code Ann. § 155.201(b) (Vernon Supp. 2006). "A motion to transfer by
a petitioner or movant is timely if it is made at the time the initial pleadings are filed." 
Id. § 155.204(b) (Vernon Supp. 2006). (4)
 The six-month residency period under this
mandatory venue statute begins when the child's actual residency in another county
begins, not when the original custody decree is signed. Tippy v. Walker, 865 S.W.2d
928, 929 (Tex. 1993) (orig. proceeding). Furthermore, "transfer of a case to a county
where the child has resided for more than six months is a mandatory ministerial duty." 
Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding).

 In this case, Ronnie filed both a petition to modify in the court having
continuing, exclusive jurisdiction and a motion to transfer venue to Jim Wells
County, in which she stated that the children had resided in Jim Wells County for at
least six months. Ronnie also testified that the children had lived in Jim Wells
County for at least six months at the time that she filed her petition to modify and
motion to transfer venue. Ronnie argues that, because Bradley did not dispute this
testimony, the trial court was required to transfer this matter to Jim Wells County
pursuant to Section 155.201(b). We agree.

 Nevertheless, citing the holding in Huey v. Huey, 200 S.W. 3d. 851, 853 (Tex.
App.--Dallas 2006, no pet.), Bradley argues that Ronnie waived the right to a transfer
of venue to hear her motion to modify her children's residency by seeking an
agreement with Bradley to violate the court's express order regarding the children's
residency and then violating the court's order by delivering the children to
Montgomery County on November 3, 2006 instead of November 1, 2006. Bradley's
reliance on Huey to find waiver in this case is misplaced. In Huey, the parent's
violation of the final decree, which the court found to have constituted waiver,
resulted in the children residing for six months outside the county mandated by the
decree. Id. In this case, Ronnie's violation of the court's decree to return the children
from Jim Wells County did not result in the children residing in Jim Wells County
over six months. Rather, the children had resided in Jim Wells County for well over
six months before Ronnie violated the court's decree and delivered them to
Montgomery County on November 3, 2006. 

Conclusion

 Accordingly, we hold that upon Ronnie's timely motion, the court had a
nondiscretionary duty to transfer the case to Jim Wells County, Texas. See Proffer,
734 S.W.2d at 673. Because it did not do so, we conditionally grant relator's
petition for writ of mandamus. O'Connor, 837 S.W.2d at 96. We direct the trial
court to vacate its order denying relator's motion to transfer venue and enter an order
granting relator's motion to transfer venue to Jim Wells County, Texas. We are
confident that the trial court with promptly comply, and our writ will issue only if it
does not. 




 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


1. 
 - 
 
2. 
3. 
4. Section 155.201 provides that "if a suit to modify or a motion to enforce an order is filed in
the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party
the court shall transfer the proceedings to another county. . . ." Tex. Fam. Code Ann.
§ 155.201(b). Section 155.204 provides, "Except as provided by Section 262.203, a motion
to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are
filed." Id. § 155.204(b). Here, relator filed her motion to transfer venue contemporaneously
with her counter-petition to modify matters affecting the parent-child relationship. By filing
a motion to modify, relator is classified as a petitioner. See In re Simonek, 3 S.W.3d 285, 288
(Tex. App.--Waco 1999, orig. proceeding). Thus, relator's motion to transfer venue was
timely filed if it was made at the time that her initial pleadings in her suit to modify were
filed. Id.; Tex. Fam. Code Ann. § 155.204(b). Initial pleadings refers to the first pleadings
filed by that petitioner. In re Simonek, 3 S.W.3d at 288. Here, relator's first pleadings in
regard to modifying the parent-child relationship were her motion to modify and her motion
to transfer venue. Because she filed her motion to transfer venue at the time that she filed
her initial pleadings, relator's motion to transfer venue was timely. See In re Wheeler, 177
S.W.3d 350, 354 (Tex. App.--Houston [1st Dist.] 2005, orig. proceeding).