

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00355-CV

## IN RE SIDNEY BIGHAM

Original Proceeding

## MEMORANDUM OPINION

In this original proceeding, Relator Sidney Bigham seeks mandamus relief on the Respondent trial judge's denial of Sidney's motion to transfer the underlying SAPCR case pending in Limestone County to Sidney's pending divorce suit pending in Dallas County. We will conditionally grant relief.

Sharon Bigham, Sidney's sister, has had possession of Sidney's two children, D.S.B. and K.A.B., for several years while Sidney was in prison. Alicia Bigham, Sidney's wife and the mother of the children, apparently has been in and out of jail, and at the time of the underlying hearing, she was in state jail. According to Sharon's response to the mandamus petition, on May 16, 2013 (and shortly before Sidney was to be released

from prison), Sharon filed a Suit Affecting the Parent-Child Relationship (SAPCR) in the 87th District Court in Limestone County and applied for temporary orders. On June 6, 2013, the Respondent trial judge signed temporary orders that included appointing Sharon as temporary sole managing conservator of Sidney and Alicia's two children. Sharon's response confirms the entry of the temporary orders.

On June 12, 2013, Sidney filed an original petition for divorce against Alicia and in the interest of D.S.B. and K.A.B. in the 301st District Court in Dallas County. Thereafter, in the SAPCR suit, Sidney filed a "motion to transfer and consolidate" and requested the transfer of the SAPCR suit to the divorce action pending in Dallas County. Sharon filed an answer to the motion that contained a general denial.[1] During the evidentiary hearing on Sidney's motion, Sharon did not dispute that Sidney had filed for divorce in Dallas County.[2] At the conclusion of the hearing, Respondent denied Sidney's motion. Sidney's record included a certified reporter's record of the hearing on his motion to transfer and consolidate.

---

[1] We do not have a full record of the SAPCR suit, but it appears that Sharon did not file a controverting affidavit under Family Code section 155.204 and that Sidney's motion should have been granted without a hearing. See TEX. FAM. CODE ANN. § 155.204(c) (West 2008); see also id. § 103.002(c) (applying chapter 155's procedures); In re Middlebrook, 7 S.W.3d 262, 264 (Tex. App.—Waco 1999, orig. proceeding) (holding that transfer of SAPCR suit is mandatory without hearing if no controverting affidavit is filed).

[2] Sidney's record includes a certified copy of his divorce petition. The SAPCR suit's temporary orders, the motion to transfer and consolidate, Sharon's answer to the motion, and Respondent's order on the motion to transfer are neither certified nor sworn. See TEX. R. APP. P. 52.7(a)(1). But from Sharon's response to the mandamus petition and from the reporter's record, the authenticity of these documents is not at issue. Moreover, Sidney's amended mandamus petition includes his sworn verification that the petition's facts are true and a Rule 52.3(j) certification. Thus, to expedite our decision and in the interest of justice, we invoke Rule 2 to suspend the requirements of Rule 52.7(a)(1) as to the uncertified and unsworn SAPCR suit documents.

In making its oral ruling, Respondent acknowledged the mandatory transfer provision in subsection 155.201(a)[3] but asserted that there was another mandatory transfer provision in the statute pertaining to where the child had resided for six months.[4] The written order denying Sidney's motion to transfer states: "The Court determined that the 87th Judicial District Court of Limestone County, Texas, has continuing, exclusive jurisdiction of this case as provided for by section 155.002 of the Texas Family Code."[5]

In his mandamus petition, Sidney asserts that Respondent erroneously denied his motion to transfer the SAPCR suit to Dallas County. We will grant mandamus relief

---

[3] That subsection provides:

> (a) On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

TEX. FAM. CODE ANN. § 155.201(a) (West 2008).

[4] This may have been a reference to subsection 155.201(b), which provides: "If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b). But subsection 155.201(b) does not apply here, and in her response to Sidney's mandamus petition, Sharon does not cite any statutory authority for retention of the SAPCR suit in Limestone County; she only asserts: "Because the children had resided in Limestone County, Texas continuously since at least 2009 with Petitioner Sharon Bigham, it was deemed that it was in the best in interest of the children to retain the case in the 87th District Court."

[5] A court acquires continuing, exclusive jurisdiction when it renders a final order in an original SAPCR case. *In re G.R.M.,* 45 S.W.3d 764, 766 (Tex. App.—Fort Worth 2001, no pet.) (citing TEX. FAM. CODE ANN. § 155.001(a)). In this case, it appears that, at the time of the denial of Sidney's motion, the 87th District Court had entered only temporary orders, which are not final and appealable. *In re N.J.G.,* 980 S.W.2d 764, 767 (Tex. App.—San Antonio 1998, no pet.) (citing TEX. FAM. CODE ANN. § 105.001(e)). But even if the 87th District Court had continuing, exclusive jurisdiction, the mandatory-transfer provision in subsection 155.201(a) would still require transfer to the court of the parents' divorce suit. *See* TEX. FAM. CODE ANN. § 155.201(a) (quoted *supra* note 2).

if there has been an abuse of discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it misapplies the law to the established facts of the case. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). There is no adequate remedy by appeal for the erroneous denial of a mandatory transfer under the Family Code. *In re Hancock,* No. 13-09-00123-CV, 2009 WL 1089481, at *1 (Tex. App.—Corpus Christi Apr. 23, 2009, orig. proceeding).

The Family Code provides for the mandatory transfer of a SAPCR suit to a suit for dissolution of the marriage of the child's parents in another court. TEX. FAM. CODE ANN. § 6.407 (West 2006); *id.* § 103.002(b) (West 2008); *id.* § 155.201(a); *see Hancock,* 2009 WL 1089481, at *1-2; *In re Middlebrook,* 7 S.W.3d 262, 264 (Tex. App.—Waco 1999, orig. proceeding). The Family Code requires that the SAPCR suit be united with the dissolution suit if the two proceedings are filed separately. *In re Allen,* 593 S.W.2d 133, 136-37 (Tex. Civ. App.—Amarillo 1979, no writ).

Because we conclude that Respondent had no discretion to deny Sidney's motion to transfer, we conditionally grant the petition for writ of mandamus. Our writ will issue only if Respondent fails (1) to vacate his written order denying Sidney's motion to transfer and (2) to enter an order transferring the underlying SAPCR suit to the 301st District Court in Dallas County within twenty-one days.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition conditionally granted
Opinion delivered and filed January 23, 2014
[OT06]