**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00785-CV

————————————

**DAVID POLLITT, Appellant**

**V.**

**COMPUTER COMFORTS, INC., Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11-CV-1203**

---

## MEMORANDUM OPINION

Appellee Computer Comforts, Inc. sued appellant David Pollitt, along with others, for breach of contract and fraud related to the sale of computer furniture. The case was tried to the bench. Following trial, the court awarded Computer Comforts its actual damages, exemplary damages, and attorney's fees. Pollitt filed

post-judgment motions for a new trial and to modify the judgment, which the court denied.

On appeal, Pollitt challenges the sufficiency of the evidence to support the judgment. He also argues that the exemplary damages were awarded jointly and severally against multiple defendants in violation of Civil Practice and Remedies Code section 41.006 and that the trial court abused its discretion when it denied his motion for new trial. We reverse in part with respect to the award of exemplary damages, and we remand for further proceedings consistent with this opinion.

**Background**

Computer Comforts manufactures and sells computer furniture. David Pollitt worked for Covington Office Solutions and Covington Office Products, Inc. in the position of chief financial officer.[*] In August 2010, at the request of the Covington entities, Computer Comforts sent a written quote for the sale of computer furniture. The Covington entities responded with a purchase order, and Computer Comforts replied with an invoice conforming to the terms of the quote and purchase order.

---

[*] These two corporate entities were named as Pollitt's codefendants in the trial court, along with the companies' owner, Anthony Covington. Evidence at trial identified Pollitt as chief financial officer of "Covington Furniture Solutions." Because the precise identity of the corporate entity responsible for any particular action giving rise to this dispute is irrelevant to the disposition of this appeal, we refer to Pollitt's employer and Computer Comforts's contractual counterparty as the "Covington entities."

After Computer Comforts delivered the furniture, the Covington entities failed to make payments under the terms of the invoice. Pollitt communicated to Computer Comforts that the Covington entities would not be making payments under the terms of the invoice, but he offered to arrange weekly payments to satisfy the debt.

Computer Comforts refused to finance the sale in this manner. Instead, it sued the Covington entities, their owner Anthony Covington, and Pollitt for breach of contract, quantum meruit, promissory estoppel, suit on a sworn account, fraud in the inducement, and respondeat superior. By its lawsuit, Computer Comforts sought to hold Pollitt and Covington personally liable with respect to the transaction.

Pollitt and his codefendants shared representation by the same lawyers in the trial court. The pretrial proceedings were marked by the codefendants' failures to appear or respond to discovery requests. After a year of repeated discovery requests from Computer Comforts was met with inaction, the trial court sanctioned Pollitt and his codefendants. Among other things, the sanctions order stated:

> The Court ORDERS that the failure to produce discovery as requested is grounds that issues regarding the formation of a contract, the validity of the contract, Plaintiff's performance, Defendant's performance, the terms of payment, the existence of a corporation, the status of co-defendants as employees, the amount of damages, and issues related to fraud are conclusively decided against Defendants. Any issues related to the formation of a contract, the validity of the contract, Plaintiff's performance, Defendant's performance, the terms

3

of payment, the existence of a corporation, the status of defendants as employees, the amount of damages, and issues related to fraud shall be concluded based on evidence and argument provided by Computer Comforts, Inc. pursuant to Texas Rule of Civil Procedure 215.2(b)(3) and 215.2(b)(4).

As the date for trial approached, defense counsel moved to withdraw from representation. Concurrently, defense counsel moved for continuance of the trial setting, arguing, among other things, that Pollitt was unable to attend because of his wife's failing health. The trial court granted counsel's motion to withdraw but denied the motion to continue the trial setting.

One week later, the case was tried to the bench. None of the defendants appeared through counsel or in person. After hearing testimony from the owner of Computer Comforts, the trial court awarded judgment against Pollitt and his codefendants, jointly and severally, for $40,000 in actual damages, $40,000 in exemplary damages, and $11,500 in attorney's fees, postjudgment interest, and costs of court.

After entry of the trial court's final judgment, Pollitt obtained new counsel and moved for a new trial or, in the alternative, to modify, vacate, or reform the judgment. The trial court denied those motions. The court also entered findings of fact and conclusions of law in support of the judgment, specifically noting the sanctions order to the effect that numerous issues had been "conclusively decided against Defendants." This appeal followed.

4

**Analysis**

**I.      Sufficiency of the evidence to support liability findings**

In his first three issues, Pollitt challenges the sufficiency of the evidence to support the trial court's findings that he breached the contract, that he committed fraud, and that he was vicariously liable for the actions of Covington Office Solutions.

In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence to support them as we would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In determining whether legally sufficient evidence supports a challenged finding, we must consider the evidence that favors the finding if a reasonable fact-finder could, and we must disregard evidence contrary to the challenged finding unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We may not sustain a legal sufficiency, or "no evidence," point unless the record demonstrates: (1) a complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. at 810.

Pollitt argues that he cannot be held liable for breach of the contract because there was no evidence that he was a party to it. He further argues that he could not have committed fraud because he was not a party to the agreement and therefore did not make any promise of future performance. Pollitt thus asserts that no evidence supports the trial court's findings holding him liable for breach of contract and fraud. In so arguing, however, Pollitt entirely disregards the sanctions order, in which the trial court ordered that "issues regarding the formation of a contract, the validity of the contract, Plaintiff's performance, Defendant's performance, the terms of payment, the existence of a corporation, the status of co-defendants as employees, the amount of damages, and issues related to fraud are conclusively decided against Defendants." Pollitt presents no argument to challenge the validity of the sanctions order, nor does he address whether it was sufficient to support the trial court's findings of fact and conclusions of law.

The unchallenged sanctions order specifies that issues "regarding the formation of a contract" and "issues related to fraud" were established against Pollitt. Thus the order provides an independent ground, expressly referenced by the trial court, to support the challenged findings regarding breach of contract and fraud.

Pollitt asserts that no evidence supports the court's finding holding him liable for the actions of Covington Office Products. Specifically, he contends that

there is no evidence that he committed an actual fraud for his own benefit, and that there is no evidence that he was a person who may be held liable for a corporate contract obligation because he was not a holder or subscriber of shares in Covington Office Products. But as explained above, the trial court ordered that "issues related to fraud" were conclusively established as a sanction for discovery violations, yet Pollitt does not challenge the sanctions order or its sufficiency to support the judgment.

Pollitt further contends, however, that there was no evidence that he could be held liable for a corporate contract obligation. On this point, Pollitt relies upon the Texas Business Organizations Code, which provides:

> A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber or of the corporation, may not be held liable to the corporation or its obliges with respect to: . . . any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder . . . is or was the alter ego of the corporation or on the basis of actual or constructive fraud, sham to perpetrate a fraud, or other similar theory . . . .

TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2). Pollitt contends that, because he is not a shareholder or owner of the corporation, he is not a party who may be held responsible for a contractual obligation or related liabilities under the statute. But Pollitt misinterprets the provision, which limits the circumstances under which a shareholder can be held liable for corporate debts. *See Willis v. Donnelly*, 199

7

S.W.3d 262, 271–72 & n.12 (Tex. 2006). By its terms, it has no application to shield an individual acting in his capacity as a corporate officer from responsibility for abuse of the corporate form. *See* TEX. BUS. ORGS. CODE ANN. § 21.223(b). Pollitt does not dispute that he is an officer of the corporation—a fact established by testimony at trial. Thus, we conclude that Pollitt has failed to demonstrate that the evidence is insufficient to uphold the trial court's finding that Pollitt was held liable for the actions of Covington Office Products. The sanctions order conclusively established "issues related to fraud," and the trial court consequently concluded that Pollitt abused the corporate form as a sham to perpetrate an actual fraud for his own benefit. We overrule Pollitt's first three issues.

## II.    Denial of trial continuance

In his sixth and seventh issues, Pollitt complains of the trial court's rulings allowing the withdrawal of counsel a week before trial while denying his motion for continuance. Computer Comforts contends that there was no error, and even if there was one, it was harmless.

Even assuming that the trial court abused its discretion by denying the continuance under circumstances that left Pollitt without counsel and without a reasonable opportunity to obtain counsel, it remains the case that the scope of the trial was significantly limited by the sanctions orders previously entered by the court. Despite that, it is conceivable that Pollitt may have benefited by the presence

8

of counsel at trial. To obtain relief on appeal, however, it is Pollitt's obligation to demonstrate that he was harmed by the trial court's denial of his motion for continuance. *See* TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). Because Pollitt has made no argument about what would have happened differently at trial had he been represented by counsel, or how he has been prevented from properly presenting his appeal, he has not demonstrated harm. We overrule his sixth and seventh issues.

## III. Joint and several award of exemplary damages

In his fifth issue, Pollitt argues that the award of exemplary damages was improperly awarded against all defendants jointly and severally, in violation of Civil Practice and Remedies Code section 41.006. That statute provides that "in any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.006. Computer Comforts does not dispute the error, but instead asks us to reform the judgment to award exemplary damages against Pollitt

individually, or remand for "additional evidence or findings." Computer Comforts provides no authority to support either suggestion, nor are we aware of any.

The trial court awarded exemplary damages against "Covington Office Products, Inc., Anthony Covington, and David Pollitt, jointly and severally . . . ." Because the trial court's award of damages was not specific as to each defendant, we sustain Pollitt's fifth issue, reverse the judgment on the issue of exemplary damages, and remand the case to the trial court to determine whether to award exemplary damages against Pollitt individually. *Id.*; *see also Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 224 (Tex. App.—Dallas 2005, no pet.).

## IV. Other damages issues

In his fourth issue, Pollitt challenges the award of both attorney's fees, which were based on breach of contract, and the award of exemplary damages, which were based on fraud. Pollitt asserts that the two recoveries—one in contract, and one in tort—violate the one-satisfaction rule, which applies to prevent a plaintiff from obtaining more than one recovery for the same injury. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991). The rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000). However, when a plaintiff pleads alternate theories

of liability, a judgment awarding damages on each alternate theory may be upheld if the theories depend on separate and distinct injuries and if separate and distinct damages findings are made as to each theory. *Peterson Group, Inc. v. PLTQ Lotus Group, L.P.*, 417 S.W.3d 46, 64 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Madison v. Williamson*, 241 S.W.3d 145, 158 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Here, we have sustained Pollitt's fifth issue, reversing the trial court's award of exemplary damages and remanding the case for the fact-finder to determine how much in exemplary damages, if any, should be awarded against Pollitt individually. Accordingly, we need not address Pollitt's fourth issue. *See, e.g.*, *VanDevender v. Woods*, 222 S.W.3d 430, 432–33 (Tex.2007) (noting "the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" (quoting *PDK Labs., Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring))).

## Conclusion

We reverse the portion of the trial court's judgment concerning exemplary damages, as it applies to Pollitt, and remand the case to the trial court for further proceedings consistent with this opinion.


                    Michael Massengale
                    Justice

Panel consists of Justices Jennings, Sharp, and Massengale.