**May and Richard WALKER, Relators,**

v.

**The Honorable Dee MILLER, Judge, 254th Judicial District Court, Dallas County, Texas, Respondent.**

No. 05–86–00930–CV.

Court of Appeals of Texas, Dallas.

Feb. 26, 1987.

Larry Hance, Dallas, for relators.

James F. Newth, Dallas, for respondent.

Before VANCE,[1] HOWELL and McCRAW, JJ.

HOWELL, Justice.

This is an original mandamus proceeding growing out of a child custody dispute. May and Richard Walker, the youngster's maternal grandparents, intervened in an action to modify custody and subsequently filed this petition seeking to compel the trial court to grant their motion to transfer the case to Lamar County. We conditionally granted the writ on November 14, 1986, and we now issue this opinion explaining that decision.

The facts material to this case are undisputed. Douglas and Kathy Windsor, the natural parents of the child, were divorced in the 254th District Court of Dallas County on December 22, 1980. The mother was named managing conservator, and the father was made possessory conservator with "reasonable visitation." Both parents reside in Dallas County. By the mother's consent, the child has lived with the grandparents in Lamar County since January 1984.

On September 18, 1985, the father filed a motion to modify the divorce decree in Dallas County with the court of continuing jurisdiction. The motion requested respondent, the judge of that court, to establish a specific and "liberal" visitation schedule. The mother was served with citation on April 17, 1986, and filed her answer on May 12, 1986. The grandparents filed a petition in intervention on May 21, 1986, asking to be named joint managing conservator, or,

1. The Honorable John C. Vance was a member of the submission panel, participated in deliberations relating to this case, and concurred in the judgment of the court before his resignation on January 1, 1987. The justices remaining on the submission panel, being in agreement have adopted this decision as the opinion of the court.

alternatively, possessory conservators. The same pleading also contained a motion to transfer the case to Lamar County, which the trial court denied.

■ The respondent judge, by the brief filed on her behalf by the father's trial counsel, argues that the grandparents' petition for writ of mandamus is defective because it does not contain an affidavit verifying the truth of all factual allegations as required by rule 121 of the Texas Rules of Appellate Procedure. Such verification must constitute a positive statement of knowledge of the facts such as would support a charge of perjury if the facts were found untrue. *Cantrell v. Carlson*, 313 S.W.2d 624, 626 (Tex.Civ.App.—Dallas 1958, no writ).

■ The affidavit of the grandparents' counsel says, "I, the undersigned attorney of record, swear under oath that the above PETITION FOR WRIT OF MANDAMUS factually is true and correct." We hold that this is a sufficient positive statement of knowledge.

The grandparents seek an order compelling the trial court to transfer the cause to Lamar County under the mandatory transfer provision of section 11.06(b) of the Texas Family Code [2] because the child has resided there for more than six months. That section provides, in part, as follows:

If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, *on the timely motion of any party*, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed. If the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced. If the child resided in another county for

six months or longer, the court shall transfer the proceeding to that county. Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986) (emphasis added). Transfer under section 11.06(b) is mandatory, and a proper subject for issuance of a writ of mandamus. *See Arias v. Spector*, 623 S.W.2d 312, 313 (Tex.1981); *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978).

Respondent first asserts that the provision of section 11.06(b) allowing "any party" to move for a transfer refers only to those who were parties in the original suit affecting the parent-child relationship. Because the grandparents were not parties in the divorce action, it is argued that they are not parties who can move to transfer the case to the county of proper venue.

■ Venue of a motion to modify a divorce decree affecting the parent-child relationship is proper in the county of the child's residence. *Brines v. McIlhaney*, 596 S.W.2d 519, 521 (Tex.1980); *see also* Tex.Fam.Code Ann. § 11.04 (Vernon 1986). This venue provision was enacted because current circumstances affecting the child may usually be best shown in the county where the child resides. *Cassidy v. Fuller, supra*. The grandparents' absence as parties in the original divorce action does not alter this underlying principle.

Denial of a maternal grandmother's motion to transfer provided the grounds for appellate reversal of a custody order in *Hernandez v. Valls*, 656 S.W.2d 153 (Tex. App.—San Antonio 1983, no writ). Like the grandparents before us, the *Hernandez* grandmother was not a party to the previous proceeding. The grandparents before us have a justiciable interest in this proceeding under Family Code sections 11.-03(c) and 14.03(e). As intervenors, they are parties subject to being stricken. Tex.R. Civ.P. 60.

■ We hold that the mandatory transfer provisions of 11.06(b) are not limited to the motions of those who were parties in the original custody proceeding. Grandparents are "parties" within the meaning of section 11.06(b) because, by intervening, they have become parties to the pending action to modify the custody decree.

2. All statutory references are to the Tex.Fam. Code Ann. (Vernon 1986).

Respondent next urges that the grandparents' motion was untimely. Section 11.06(f) provides that a motion to transfer by a "petitioner or movant" is timely if it is made at the time the initial pleadings are filed. Motions by "other parties" are timely if made on or before the Monday after the expiration of 20 days following the date of service of citation or notice of the action. Respondent argues that the grandparents are "other parties" under section 11.06(f), and thus filed an untimely motion based upon the date that the motion to modify was served upon the mother (the grandparents were never served).

Any such construction of the mandatory transfer provision would severely limit, without good reason, the right of an intervenor to seek transfer. We hold that the grandparents' petition in intervention makes them "petitioners" within the meaning of section 11.06(f). For this reason, their transfer motion filed contemporaneously with their petition was timely according to the specific provisions of section 11.06(f). Section 11.06(b) required the trial court to transfer the proceeding to Lamar County. Because compliance with that section is mandatory, the writ of mandamus has been conditionally granted.