heading for mandamus 



No. 04-99-00608-CV


In re Steven KRAMER


Original Mandamus Proceeding

Related Trial Court No. 88-CI-00686

From the 73rd District Court, Bexar County, Texas

Honorable Andy Mireles, Judge Presiding(1)

Opinion by: Paul W. Green, Justice

Sitting: Phil Hardberger, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: December 22, 1999

WRIT OF MANDAMUS CONDITIONALLY GRANTED

 In this original proceeding, Relator, Steven Kramer, challenges the trial court's failure
to transfer venue of his suit affecting the parent-child relationship pursuant to Tex. Fam.
Code Ann. § 155.201 (mandatory transfer) and §155.204 (procedure for transfer) (Vernon
1996). We conditionally grant the writ.Facts On June 9, 1999, Kramer filed a motion to modify his divorce decree, seeking a
change in visitation rights to his minor child and appointment as joint managing conservator.
At the same time, Kramer filed a motion to transfer venue, supported by affidavit, on
grounds that the child had resided in Harris County for at least six months prior to the filing
of the motion to transfer. Notice was served on the real party in interest, Katherine Kramer
Autry (Autry), on June 30, 1999. Autry filed a general denial on July 15, 1999, along with
a cross-petition to modify and a motion for contempt against Kramer. Autry did not file a
controverting affidavit to contest the motion to transfer venue. 

 On July 21, 1999, Kramer's counsel wrote to the Bexar County District Court,
enclosing an order and request to the presiding District Court Judge to sign the transfer of
venue. District Judge Andy Mireles refused to sign the order on the ground that a general
denial had been filed and a hearing was necessary. A hearing was then held on August 6,
1999, on Autry's cross-petition to modify and motion for contempt. Kramer did not appear
at this hearing and a capias was issued for his arrest by Judge Janet Littlejohn. On August
9, 1999, a hearing was held on Kramer's motion to transfer. Judge Pat Priest refused to sign
the transfer order because a capias had been issued for Kramer's arrest. 

Standard of Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly
apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its
ruling is based on factual assertions unsupported by the record. See Microsoft Corp. v.
Manning, 914 S.W.2d 602, 607 (Tex. App.--Texarkana 1995, writ dism'd). Transferring
a case to a county where the child has lived for more than six months is a mandatory
ministerial duty under Tex. Fam. Code Ann. § 155.201. Bollard v. Berchelmann, 921
S.W.2d 861, 863 (Tex. App.--San Antonio 1996, no writ), citing Proffer v. Yates, 734
S.W.2d 671, 673 (Tex. 1987) (referring to the original statute in former Tex. Fam. Code §
11.06). While appellate courts will not generally issue writs of mandamus to correct
erroneous venue decisions, they may do so in suits affecting the parent-child relationship.
See Bollard, 921 S.W.2d at 864.

Family Code

 Tex. Fam. Code Ann. § 155.201(b)(Vernon 1996) provides: 

If a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit [affecting the parent-child relationship],
on the timely motion of a party the court shall transfer the proceeding to another
county in this state if the child has resided in the other county for six months or
longer.

(emphasis added). Section § 155.204(a) then provides the procedure for transfer, in relevant
part, as follows:[A] motion to transfer by a petitioner or movant is timely if it is made at the
time the initial pleadings are filed. . . . If a timely motion to transfer has been
filed and no controverting affidavit is filed within the period allowed for its
filing, the proceeding shall be transferred promptly without a hearing to the
proper court.

Id. at 155.204(a) (emphasis added). A party desiring to contest the transfer must file a
controverting affidavit on or before the first Monday after the 20th day after the date of
notice of a motion to transfer is served. Id. at § 155.204(b); see Bollard, 921 S.W.2d at 863.

Discussion

 In this case, the motion to transfer venue to Harris County was properly filed with the
initial pleading on June 9, 1999. No controverting affidavit was filed. The requirements of
§ 155.204(b) were met on July 26, 1999, the Monday after the 20th day. The trial court had
a mandatory duty to transfer the case to Harris County promptly without a hearing as soon
as the statutory requirements were met.

 Autry argues the trial court has discretion to delay transfer in order to act on her
motion to enforce, so long as the suit is transferred promptly thereafter. Autry cites Tex.
Fam. Code Ann. § 157.061(c) as authority that her motion to enforce takes precedence over
mandatory transfer of venue:

 The court shall give preference to a motion for enforcement of child support
. . . and may not delay the hearing because a suit for modification of the order
requested to be enforced has been or may be filed.

We disagree with Autry's interpretation of the statute.

 The trial court may not delay determination of a motion to enforce a standing order
simply because a motion to modify that order has been filed. This does not mean the trial
court can ignore mandatory transfer of venue. Cf. In re Simonek, 3 S.W.3d 285, 288-89
(Tex. App.--Waco 1999, n.p.h.) (finding mandatory transfer applied even though
assessment of punishment was still pending against party found in contempt of visitation
orders). Section 155.201(b) specifically makes a motion to enforce subject to mandatory
transfer. Had the trial court made the transfer in this case, the Harris County court could
have proceeded swiftly to a hearing on Autry's motion to enforce before considering
Kramer's suit for modification.(2)

Conclusion

 Because we find the trial court had no discretion to deny Kramer's motion to transfer
venue, we conditionally grant the petition for writ of mandamus. If the trial court fails to
enter an order transferring the underlying cause to Harris County within ten days of this
opinion, we will issue the writ.

 PAUL W. GREEN,

 JUSTICE


PUBLISH


1. Relator complains about Judge Andy Mireles, Judge Janet Littlejohn, and Judge Pat Priest. However, the
proper respondent is the Honorable Judge Andy Mireles (permanent judge of the 73rd District Court). See In re Acevedo,
956 S.W.2d 770, 770 n.1 (Tex. App.--San Antonio 1997, orig. proceeding).
2. The Bexar County court would still have jurisdiction to enter temporary orders, such as the TRO issued in
this case, until the case was docketed in Harris County. Tex. Fam. Code Ann. § 155.005 (Vernon 1996); see In re
Simonek, 1999 WL 965438 *4 & n.1 (Tex. App.-Waco 1999, n.p.h.)