ACCEPTED
01-14-00743-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 12:27:30 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00743-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 12:27:30 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

**JULIE FISCHER,**

Appellant

vs.

**SAM RAMSAY, ET AL,**

Appellees

From the 234th District Court
Harris County, Texas
Cause No. 2007-63130
Hon. Wesley Ward presiding

### APPELLEE'S BRIEF

**James E. Thompson**
**State Bar Card No. 24009795**
**FETTNER THOMPSON**
**6700 Sands Point Drive**
**Houston, Texas 77074**
**713.626.7277 (Tel.)**
**888.876.2292 (Fax)**

**Attorney for Appellee**
**David A. Fettner, Receiver**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**:

Julie Fischer

**Appellants' Appellate Counsel**:

William K. Vaughn
State Bar No. 00797597
WILLIAM K. VAUGHN LAW FIRM
2777 Allen Parkway, Suite 800
Houston, Texas 77019
713.568.2762 (Tel.)
713.568.2732 (Fax)

**Appellee**:

Sam Ramsey
Nancy Ramsey
Kurt Ronacher
Melissa Ronacher

**Appellees' Post-Judgment Counsel**:

Marc L. Ellison
State Bar No. 06580600
TOTZ ELLISON & TOTZ, P.C.
2211 Norfolk, Suite 510
Houston, Texas 77098
713.275.0307 (Tel.)
713.275.0306 (Fax)

**Appellee:**

David A. Fettner, Court-Appointed Receiver

**Appellee's Appellate Counsel:**

James E. Thompson
FETTNER THOMPSON
State Bar No. 24009795
6700 Sands Point Drive
Houston, Texas 77074
713.626.7277 (Tel.)
888.876.2292 (Fax)

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Key to Record Citations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.      Appellant Did Not Timely Perfect Appeal of Relevant Order.. . . . . . . 9

            A.   Order on Receiver's Motion for Consent to Sell Property. . . . . 9

            B.   Appellant Waited Two Months to File Motion to Vacate . . . . . 9

            C.   Appealed Denial of Motion to Vacate to Appear Timely. . . . . 10

            D.   Order on Receiver's Motion for Consent to Sell Property
               Was Appealable.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.     Reliance on *Scheel v. Alfaro* Misplaced.. . . . . . . . . . . . . . . . . . 12

            A.   Distinguishable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

                1.   Motion for new trial filed by appellees.. . . . . . . . . . . . 12

                2.   Receiver appointed via ex parte turnover order. . . . . . . 12

                3.   Receiver's sale of appellee's assets. . . . . . . . . . . . . . 13

4. Motion for new trial granted: parties settled.......... 13

5. Appellees learned of sale and immediately sought to set aside same. . . . . . . . . . . . . . . . . . . . . . . . . . 14

6. Reasons provided by *Scheel* court.. . . . . . . . . . . . . . . 14

B. Circumstances Different in Case at Bar . . . . . . . . . . . . . . . 14

III. Appellee Not Meet Burden . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A. Appellant Does Not Provide Standard.. . . . . . . . . . . . . . . . 15

B. Likely Abuse of Discretion Standard.. . . . . . . . . . . . . . . . 16

C. No Argument or Evidence that Trial Court Abused Discretion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Conclusion and Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# Index of Authorities

**Cases**:

*Bollard v. Berchelmann*,
   921 S.W.2d 861 (Tex. App. – San Antonio 1996, no writ). . . . . . . . . . . . . 17

*Castellanos v. Littlejohn*,
   945 S.W.2d 236, 238 (Tex. App. – San Antonio 1997,
   orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Gibson v. Cuellar*,
   40 S.W.3d 150(Tex. App.–Houston [14th Dist.], no pet.). . . . . . . . . . . . 11, 16

*Huston v. Federal Deposit Insurance Corp.*,
   800 S.W.845, 847 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In Re Valdes*,
   No. 01-08-00165-CV (Tex. App. – Houston [1st Dist.],
   April 24, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*London v. London*,
   349 S.W.3d 672, 674-75 (Tex. App.–Houston [14th Dist.]
   2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Scheel v. Alfaro*,
   406 S.W.3d 216 (Tex. App.–San Antonio 2013,
   pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14, 15

*Shanley v. First Horizon Home Loan Corp.*,
   No. 14-07-010230CV (Tex. App. – Houston [14th Dist.],
   December 8, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**KEY TO RECORD CITATIONS**

Appellee will adopt the record citations as set forth in Appellant's Brief.

The Clerk's Record is cited as follows:

Original Clerks Record                         Rec.____

## STATEMENT OF THE CASE

On July 19, 2010, a **Final Judgment** was rendered against Appellant Julie Fischer ("Appellant") and her husband, John Fischer, and in favor of Plaintiffs Sam Ramsey, Nancy Ramsey, Kurt Ronacher, and Melissa Ronacher ("Plaintiffs" or "Judgment Creditors"). Rec. 48-50. After Appellant failed to satisfy the judgment, Judgment Creditors sought the appointment of a post-judgment receiver. On January 13, 2014, David A. Fettner, was appointed receiver "over each defendant's non-exempt assets" by the 234th Judicial District Court of Harris County, Texas ("234th JDC"). Rec. 63-74.

On May 2, 2014, the Receiver filed his **Motion for Consent to Sell Property** with the 234th JDC. Rec. 114. The Receiver sought to sell real property "next to the lot where the Judgment Debtors reside." Rec. 222. The real property that was subject to the motion was 0 Norchester Village Drive, Houston, Texas 77070 (sometimes "Property"). There are no improvements on the property. Rec. 222. The Judgment Debtors reside at 13419 Balcrest Drive, Houston, Texas 77070.

The **Motion for Consent to Sell Property** was properly served upon Appellant and her husband. Rec. 111, 113, and 118. Appellant failed to respond to the motion nor participate at the oral hearing on said motion. The Court entered its **Order on Receiver's Motion for Consent to Sell Property** on May 12, 2014 ("Order"). Rec.

147.  In its Order, the 234th JDC found the following:

* Judgment Debtors for whom this Court-Appointed Receiver has been appointed is the owner of the real property commonly referred to as 0 Norchester Village Drive, Houston, Texas 77070;

* Property was determined not to be a homestead; and

* Property is non exempt.

Rec. 239-242.  No appeal was taken of the trial court's Order wherein it determined that the Property was not a homestead and non exempt.

Sixty-one days after the Order, on July12, 2014, Appellant Julie Fischer filed her motion to vacate the 234th JDC's **Order on Receiver's Motion for Consent to Sell Property** ("Motion to Vacate").  Rec. 20-27.  In Appellant's Motion to Vacate, she does not argue that she did not receive notice of the Receiver's **Motion for Consent to Sell Property**.  *Id*.  The Receiver filed a response to Appellant's Motion to Vacate.  Rec. 38-151.  Thereafter, the Court entered its **Order on Debtor's Motion to Vacate** on August 7, 2014.  Rec. 219-220.  In said order, the Court denied Appellant's Motion to Vacate.

Appellant filed her **Notice of Appeal** giving notice of her intent to appeal the trial court's **Order on Debtor's Motion to Vacate** rendered on August 7, 2014.  Rec. 268-269.

2

1.    **Judgment Rendered Against Judgment Debtors for Fraud**

On July 19, 2010, a **Final Judgment** was rendered against Appellant Julie Fischer and her husband, John Fischer ("Judgment Debtors"), and in favor of Plaintiffs Sam Ramsey, Nancy Ramsey, Kurt Ronacher, and Melissa Ronacher. Rec. 48-50. The jury rendering the judgment unanimously found that Judgment Debtors had committed fraud against the Plaintiffs. Rec. 51-62.

2.    **Receiver Appointed**

After said judgment remained unsatisfied for more than three years, Plaintiffs sought the appointment of a post-judgment receiver. On January 13, 2014, David A. Fettner ("Appellee Fettner"), was appointed receiver "over each defendant's non-exempt assets" by the 234th JDC of Harris County, Texas in its **Order Requiring Turnover and Appointing Receiver** ("Order Appointing Receiver"). Rec. 63-74.

3.    **Judgment Debtors Fail to Comply with Court's Order / Receiver**

Upon his appointment as receiver, Appellee Fettner summoned Judgment Debtors to appear and provide information in accordance with the Order Appointing Receiver. Specifically, Appellee Fettner sent a **Notice of Appointment of Receiver and Notice to Appear** to Judgment Debtor John Fischer on January 27, 2014. Rec. 75-89. Said summons was returned "unclaimed." Rec. 90-91. Appellee Fettner also

sent a **Notice of Appointment of Receiver and Notice to Appear** to Appellant Fischer on January 27, 2014. Rec. 92-106. Said summons was also returned "unclaimed." Rec.107 - 108. Despite the obligations to cooperate with the receiver set forth in the Order Appointing Receiver, the Judgment Debtors avoided the Receiver's requests and ignored the mandates of the 234th JDC.

**4.      Order to Sell**

On May 2, 2014, the Receiver filed his **Motion for Consent to Sell Property** with the 234th JDC. Rec. 110-135. The Receiver sought to sell real property "next to the lot where the Judgment Debtors reside." Rec. 222. The real property that was subject to the motion was 0 Norchester Village Drive, Houston, Texas 77070 ("Property"). There are no improvements on the Property. Rec. 222. The Judgment Debtors reside at 13419 Balcrest Drive, Houston, Texas 77070. The motion and notice of oral hearing on same were properly served upon the Judgment Debtors. In fact, Appellant admitted receiving said motion. Rec. 40, 146, Clip 1 & 2. Appellant Julie Fischer failed to respond to the motion or participate at the oral hearing. The Court entered its **Order on Receiver's Motion for Consent to Sell Property** on May 12, 2014. Rec. 147-150.

**5.      No Appeal Taken of Said Order**

In its **Order on Receiver's Motion for Consent to Sell Property**, the 234th

JDC found that the Judgment Debtors were the owners of the Property located 0 Norchester Village Drive, Houston, Texas 77070 and ordered that David A. Fettner, Court-Appointed Receiver "shall have ownership and possession of the Property, which is determined not to be a homestead, to the exclusion of all others." Rec. 147-150. The Court further found that the Property to be "non exempt." *Id*. No appeal was taken of the **Order on Receiver's Motion for Consent to Sell Property** containing the 234th JDC's findings and determinations related to the Property.

**6.      Motion to Vacate Order to Sell**

On July10, 2014, Appellant Julie Fischer filed her motion to vacate the 234th **Order on Receiver's Motion for Consent to Sell Property** ("Motion to Vacate"). Rec. 20-37.   Appellant's Motion to Vacate does not argue: 1) that she was not properly served, nor 2) that she was not provided notice of the Receiver's motion. *Id*. The Receiver filed his **Receiver's Response to Julie Fischer's Motion to Vacate Order Granting Receiver's Motion for Consent to Sell Defendant's Homestead Property** on July 25, 2015 arguing in part that the Court lacked jurisdiction to vacate its **Order on Receiver's Motion for Consent to Sell Property**.   Rec. 41-44. Additionally, the Receiver argued, that even if the Court did have jurisdiction, that Judgment Debtors failed to assert any alleged exemption related to the Property to the Court as required by Texas law.  Rec. 38-168.  The Appellant had the opportunity to

assert any alleged exemption related to the Property and failed to participate. The Court denied Appellant's Motion to Vacate on August 7, 2014. Rec. 219-220.

**7.      Appeal of Order Denying Motion to Vacate**

On August 7, 2014, Appellant Fischer filed her **Notice of Appeal** of the 234th JDC's **Order on Debtor's Motion to Vacate**. Rec. 268-269.

The 234th JDC entered its **Order on Receiver's Motion for Consent to Sell Property** on May 12, 2014.  Rec. 147- 150.   In said order, the Court found and determined that the Judgment Debtor was the owner of the Property located at 0 Norchester Village Drive, Houston, Texas 77070.  *Id*.  Additionally, the Court found and determined that the Property was not "a homestead" and was "non exempt." *Id*. And, as Appellee David A. Fettner is the "Court-Appointed Receiver over the non-exempt assets of Julie Fischer and/or John Fischer, [he] shall have ownership and possession of the Property ... to the exclusion of all others." *Id*.   Appellant was served with and received notice of the motion and chose to not participate. Additionally, no appeal was taken of the trial court's **Order on Receiver's Motion for Consent to Sell Property** which set forth the Court's findings and determinations related to the Property**.**

Appellant Fischer has demonstrated a concerted effort to avoid satisfying the **Final Judgment**.  She willfully ignored the requests of the trial court's receiver.  Rec. 38-168.  Even though she was served with a copy of the **Receiver's Motion for Consent to Sell Property** and notice of oral hearing thereon, she intentionally failed to participate in same.  She had the opportunity to provide argument and evidence to the trial court related to the Property, yet she decided to again ignore the motion and

7

not attend the hearing. She failed to timely appeal the Court's **Order on Receiver's Motion for Consent to Sell Property**. It was not until sixty-one days after the **Order on Receiver's Motion for Consent to Sell Property** was entered that Appellant Fischer attempted to address the Court's order via her Motion to Vacate.

When, the 234th JDC denied her motion, Appellant appealed the order denying her Motion to Vacate rather than appealing the court's **Order on Receiver's Motion for Consent to Sell Property**. The appeal of the **Order on Debtor's Motion to Vacate** may be an attempt to appear timely. However, the true issues of which Appellant complains are contained in the Court's **Order on Receiver's Motion for Consent to Sell Property** of which she failed to appeal, timely or otherwise. Rec. 268-269.

The trial court's **Order on Receiver's Motion for Consent to Sell Property** resolved a discrete issue in connection with the receivership. The **Order on Receiver's Motion for Consent to Sell Property** has the same force and effect as any other final adjudication of a court, and thus, is appealable. Because Appellant did not timely perfect her appeal from the trial court's **Order on Receiver's Motion for Consent to Sell Property**, said appeal has not been perfected.

## I.  Appellant Did Not Timely Perfect Appeal of Relevant Order

### A.  Order on Receiver's Motion for Consent to Sell Property

Appellant did not timely perfect the order which truly forms the basis of her complaint on appeal.  The trial court's **Order on Receiver's Motion for Consent to Sell Property** rendered on May 12, 2014 contains the findings and determinations related to the Property.  The **Order on Receiver's Motion for Consent to Sell Property** sets forth the following:

* \*  Judgment Debtors for whom this Court-Appointed Receiver has been appointed is the owner of the real property commonly referred to as 0 Norchester Village Drive, Houston, Texas 77070;

* \*  Property was determined not to be a homestead; and

* \*  Property is non exempt.  Rec. 239-242.

### B.  Appellant Waited Two Months to File Motion to Vacate

Despite being served with a copy of Receiver's **Receiver's Motion for Consent to Sell Property**, Appellant Fischer did not file a response nor appear at the oral hearing on same.  The Court entered its **Order on Receiver's Motion for Consent to Sell Property** on May 12, 2014.  Appellant Fischer did not appeal the

Court's **Order on Receiver's Motion for Consent to Sell Property**. About sixty days following the trial court entering its **Order on Receiver's Motion for Consent to Sell Property**, Appellant Fischer filed her Motion to Vacate the Court's **Order on Receiver's Motion for Consent to Sell Property**. The Court denied her Motion to Vacate. Rather than appealing the **Order on Receiver's Motion for Consent to Sell Property** entered on May 12, 2014, Appellant Fischer instead filed a notice of appeal of "the trial court's 'Order on Debtor's Motion to Vacate' rendered on August 7, 2014." Rec. 268-269.

### C.   Appealed Denial of Motion to Vacate to Appear Timely

The trial court denied her Motion to Vacate and entered its **Order on Debtor's Motion to Vacate** on August 7, 2014. Thirty days later, on September 6, 2014, Appellant Fischer filed her Notice of Appeal. Rec. 268-269. Appellant attempts to appear as if she timely appealed an adverse order of the trial court. However, the order at the heart of Appellant's complaints is not the **Order on Debtor's Motion to Vacate** entered in August 2014. Rather, it is the **Order on Receiver's Motion for Consent to Sell Property** entered months earlier on May 12, 2014. Appealing the **Order on Debtor's Motion to Vacate** is an attempt to appear timely despite her failure to timely appeal the order that truly forms the basis of her complaints – **Order on Receiver's Motion for Consent to Sell Property**. As stated, any appeal of the

10

findings and determinations contained in the **Order on Receiver's Motion for Consent to Sell Property** is too late.

**D.** **Order on Receiver's Motion for Consent to Sell Property Was Appealable**

The trial court's **Order on Receiver's Motion for Consent to Sell Property** resolved a discrete issue in connection with the receivership.  The Texas Supreme Court has held that "orders which resolve discrete issues in connection with any receivership are appealable."  *Huston v. Federal Deposit Insurance Corp.*, 800 S.W.845, 847 (Tex. 1990).  While the matter before the Court in *Huston* dealt with insolvent banks in receivership, the Fourteenth Court of Appeals has cited *Huston* in support of cases involving receivership under the turnover statute.  *London v. London*, 349 S.W.3d 672, 674-75 (Tex. App.–Houston [14th Dist.] 2011, no pet.).  The **Order on Receiver's Motion for Consent to Sell Property** has the same force and effect as any other final adjudication of a court, and thus, must be appealed. *Gibson v. Cuellar*, 440 S.W.3d 150(Tex. App.–Houston [14th Dist.], no pet.).   Given that Appellant did not timely appeal the **Order on Receiver's Motion for Consent to Sell Property**, Appellant's appeal should dismissed for want of jurisdiction.  The appeal at bar is nothing more than an attempt by Appellant to appear timely by trying to bootstrap on the date of what is essentially the Court's denial of a motion to

11

reconsider an order that had already become final.

## II. Reliance on *Scheel v. Alfaro* Misplaced

### A. Distinguishable

Appellant maintains that *Scheel v. Alfaro* is "directly on point." Appellant's Brief, Pg. 8. However, a closer review of the case reveals that it is clearly distinguishable.

#### 1. Motion for new trial filed by appellees.

As correctly set forth in Appellant's Brief, in *Scheel v. Alfaro*, "[o]n July 15, 2010, a final judgment was rendered in favor of [Pamela] Scheel...". Appellant's Brief, Pg. 8; *Scheel v. Alfaro,* 406 S.W.3d 216, 220 (Tex. App.–San Antonio 2013, pet. denied). The defendants, Primera Energy Partners, LLC and Brian Alfaro (collectively "Alfaro"), "timely filed a motion for new trial on August 16, 2010." *Id*. In the case at bar, there was no timely motion for new trial filed.

#### 2. Receiver appointed via ex parte turnover order.

The receiver in *Scheel v. Alfaro* was appointed via ex parte turnover orders. Scheel, at 220. There is some discussion as to whether Alfaro was aware of this fact. The court's opinions makes reference to the fact that "[c]opies of the turnover orders were not provided" to Alfaro by Scheel. In the case at bar, there was no such *ex parte* application to appoint receiver (or any other motion). Additionally, copies of the

Order Appointing Receiver were repeatedly forwarded to Appellant Fischer.

### 3. Receiver's sale of appellees' assets.

The *Scheel* receiver, "while the motion for new trial was pending and the parties were in settlement negotiations", "conducted a courthouse-steps sale without notice to appellees or their counsel." *Scheel*, at 220. "In consideration for … $4,020.00, [the receiver] conveyed to Scheel virtually all of appellees' assets." *Id*. In the present case, Appellant Fischer was served with a copy of the Receiver's **Motion for Consent to Sell Property** and given notice of the oral hearing for same. Unlike Alfaro – whose non-participation was due to a lack of notice – Appellant Fischer was properly noticed and intentionally chose not to participate.

### 4. Motion for new trial granted; parties settled.

"On September 28, 2010, the trial court granted appellee's motion for new trial." *Id*. at 220. No such motion was granted in the present case. In *Scheel*, the parties settled the underlying suit in January 2011. *Id*. At 221. Additionally, a Satisfaction of Judgment on January 25, 2011 which specifically stated that the July 15, 2010 judgment "is paid in full, and the Defendants and sole judgment debtors, [Alfaro and PEP], are hereby released and discharged from" the final judgment. *Id*. No settlement was reached in the present case and the judgment remains unsatisfied.

5. <u>Appellees learned of sale and immediately sought to set aside same.</u>

On April 1, 2011, the receiver filed a motion to approve the receiver's report. *Id*. It was at this time that the appellees were notified "that a receiver's sale had been conducted on September 21, 2010, and a bill of sale had been conveyed to Scheel...". *Id*. On April 14, 2011, the appellees took action and sought to set aside the receiver's sale. *Id*. The trial court granted appellee's motion and Scheel appealed. In the present case, Appellant was provided notice of all of the Receiver's actions and chose to not participate and demonstrate to the Court any defense or exemption.

6. <u>Reasons provided by *Scheel* court.</u>

The *Scheel* court provided many reasons for its affirming the trial court's judgment. The court held that the failure of the receiver to give notice or insufficiency of the notice given will ordinarily render the sale invalid. *Id*. at 223. In addition, the court held that the trial court, in its discretion, may have determined the $4,020.00 for all of the assets listed in the turnover orders was a grossly inadequate price." *Id*. The court held that given all the circumstances in *Scheel*, they could not "conclude the trial court acted outside its discretion in doing so." *Id*. at 224. None of the facts in *Scheel* are present in the case at bar.

**B.     Circumstances Different in Case at Bar**

14

The *Scheel* court discussed at length that the validity of a turnover order requires that the underlying debt judgment be final. *Id*. at 224. The turnover order rested on the July 15, 2010 judgment. *Id*. "When the trial court granted the motion for new trial, the July 15, 2010 judgment could no longer support the turnover orders, which in turn, became a nullity." *Id*. Not only was the motion for new trial granted, but Scheel filed a Satisfaction of Judgment in which she stated "the July 15, 2010 judgment had been paid in full and appellees were released and discharged from the judgment." *Id*. The court of appeals "conclude[d] the judgment had no further force or authority and the turnover orders 'lost their teeth.'" *Id*. All of the extraordinary circumstances upon which Scheel was based are not present in the case at bar. Simply put, *Scheel* is not "on point."

## III.  Appellant Did Not Meet Burden

### A.  Appellant Does Not Provide Standard

Appellant fails to provide to the Court any standard of review for her appeal of the **Order on Debtor's Motion to Vacate** wherein the trial court denied her motion to vacate a post-judgment order that is considered to be final (i.e., **Order on Receiver's Motion for Consent to Sell Property**). In all candor to the tribunal, Appellee was also unable to locate a standard of review applicable to a trial court's denial of a motion to vacate a post-judgment order related to a receivership. The case

found and cited dismissed the appellant's appeal as untimely before discussing a standard of review.

Appellee is under the impression that no standard of review is fitting because such an issue should not be reached. As demonstrated in the case of *Gibson v. Cuellar*, this Court is without jurisdiction to review the Order of the Court because the appeal was made out of time. *Gibson v. Cuellar*, No. 14-12-00644-CV (Tex. App. – Houston [14th Dist.], Sept. 5, 2013). Because this Court is without jurisdiction to review the receiver-related order at the heart of Appellant's appeal – **Order on Receiver's Motion for Consent to Sell Property** -- the issue of the standard of review should not be reached. *Id*.

## B. Likely Abuse of Discretion Standard

However, if the Court determines it has jurisdiction over the issues presented by Appellant, then the standard of review should likely be an abuse of discretion. In cases considering trial court orders on motions for reconsideration, the appellate courts generally use a standard based upon the underlying motion to be reconsidered. See, e.g., *In Re Valdes*, No. 01-08-00165-CV (Tex. App. – Houston [1st Dist.], April 24, 2008)(determining that a trial court that granted a motion for reconsideration after losing its plenary power abused its discretion); *Shanley v. First Horizon Home Loan Corp*., No. 14-07-010230CV (Tex. App. – Houston [14th Dist.],

December 8, 2009)(citing the standard of review for a motion to reconsider a prior summary judgment as abuse of discretion); *Bollard v. Berchelmann*, 921 S.W.2d 861 (Tex. App. – San Antonio, 1996)(finding the standard of review to be abuse of discretion). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, acted in an arbitrary or unreasonable manner, or when there is a clear failure by the trial court to analyze or apply the law correctly. See *Bollard* at 863; *Castellanos v. Littlejohn*, 945 S.W.2d 236, 238 (Tex. App. – San Antonio, 1997).

### C. No Argument or Evidence that Trial Court Abused Discretion

Appellant has failed to carry her burden nor met the standard of review – any standard of review. To the extent that this court finds the applicable standard to be an abuse of discretion, there has been no argument that the trial court abused its discretion in denying Appellant's Motion to Vacate. Additionally, the Appellant failed to provide evidence on which this court can decide that any such abuse existed.

**CONCLUSION AND PRAYER**

Appellant is appealing the 234th Judicial District Court's **Order on Debtor's Motion to Vacate**. However, the appeal of said order is nothing more than an attempt to have her appeal appear timely. Appellant is clearly attempting to appeal the **Order on Receiver's Motion for Consent to Sell Property** wherein the trial court made certain findings and determination related to the Property. Said order resolved discrete issues in connection with a receivership and was therefore appealable. Appellant failed to appeal the **Order on Receiver's Motion for Consent to Sell Property.**

The trial court did not abuse its discretion in denying Appellant's motion to vacate. There has been no arguments made or evidence proffered demonstrating that the trial court abused its discretion in denying the Motion to Vacate. Appellee requests that the Court affirm the trial court's order denying Appellant's Motion to Vacate.

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, *Appellee's Brief* contains 3,271words including and excluding the contents mentioned in Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure.

/s/ James E. Thompson
James E. Thompson

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on May 29, 2015 a true and correct copy of the Appellee's Brief has been served on all parties and/or counsel of record in accordance with the Texas Rules of Appellate Procedure.

William K. Vaughn
WILLIAM K. VAUGHN LAW FIRM
2777 Allen Parkway, Suite 800
Houston, Texas 77019
713.568.2762 (Tel.)
713.568.2732 (Fax)

Marc L. Ellison
TOTZ ELLISON & TOTZ, P.C.
2211 Norfolk, Suite 510
Houston, Texas 77098
713.275.0307 (Tel.)
713.275.0306 (Fax)

/s/ James E. Thompson
James E. Thompson